UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN TOLER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 05-2505 (GK) |
| | ) |
| **ALBERTO GONZALES, UNITED STATES** | ) |
| **ATTORNEY GENERAL** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S MOTION TO DISMISS**
**IN RESPONSE TO ORDER TO SHOW CAUSE**

In response to the Court's Order to Show Cause, Defendant, United States Attorney General Alberto Gonzales, in his official capacity, hereby moves, pursuant to Rule 12(b)(1) and 12(b)(6), to dismiss the complaint in this case on the grounds that the Court lacks subject matter jurisdiction, and Plaintiff has failed to state a claim upon which relief can be granted. In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of points and authorities. A proposed order consistent with this motion is attached.

Plaintiff is hereby advised that failure to respond to this motion may result in the Court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

March 24, 2006                                  Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH C. CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. BAR # 495257
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 616-5309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN TOLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2505 (GK) |
| | ) |
| ALBERTO GONZALES, UNITED STATES | ) |
| ATTORNEY GENERAL | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND IN RESPONSE TO ORDER TO SHOW CAUSE**

Defendant, United States Attorney General Alberto Gonzales, respectfully submits the following memorandum of points and authorities in support of his motion to dismiss, filed in response to the Court's January 16, 2006, order to show cause why the Writ of Mandamus should not issue.

**I.      Introduction**

Plaintiff is a United States citizen currently incarcerated by the Missouri Department of Corrections at the Northeast Correctional Center in Bowling Green, Missouri.  (Complaint "Compl." at ¶ 4).  He has initiated this action seeking the issuance of a Writ of Mandamus compelling Defendant to effectuate Plaintiff's proffered renunciation of his U.S. citizenship under Section 349(a)(6) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1481(a)(6).  (Plaintiff's Suggestions in Support of Petition for Mandatory Injunctive Relief in the Style of the Abolished Writ of Mandamus attached to Compl.).

The INA compels no such action on the part of Defendant as sought by the Plaintiff, and Mandamus does not lie for discretionary acts of executive branch officials.  Thus, Plaintiff

cannot avail himself of the Writ and this action must be dismissed.

**II.     Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999). In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997).

From the facts alleged in the complaint in this case, it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.

**III.    Argument**

Mandamus Does Not Lie For Discretionary Acts

The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; Fornaro v. Kay Coles James, 416 F.3d 63, 69 (D.C. Cir. 2005). The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. Fornaro, 416 F3d at 69; Consolidated Edison,

et al., v. Ashcroft, et al., 286 F.3d 600, 605 (D.C. Cir.), cert. denied, 537 U.S. 1029 (2002).

Moreover, because of the potential conflict between the branches of government engendered by use of this remedy, courts have limited its application to "only. . . the clearest and most compelling cases." 13th Regional Corp. v. U.S. Dep't of Interior, 654 F.2d 758 (D.C. Cir. 1980).

    The courts have achieved this limitation by issuing the writ only when a plaintiff has demonstrated the following elements: (1) the plaintiff has a clear legal right to the relief sought; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff. Id.; Council of and for the Blind of Delaware County Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983). Thus, "[a]ccording to traditional doctrine, a writ of mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory, and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." 13th Regional, 654 F.2d at 760 (citations omitted); See Wilbur v. United States, 281 U.S. 206, 218-19 (1929) (mandamus is inappropriate except where a public official has violated a ministerial duty. Such a duty must be "so plainly prescribed as to be free from doubt and equivalent to a positive command. Where the duty is not thus plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. Power v. Barnhart, 292 F.3d 781, 785 (D.C. Cir. 2002) (citations omitted).

    The Plaintiff has failed to satisfy that burden here. The statute governing voluntary renunciation of citizenship, upon which Plaintiff relies provides in pertinent part:

3

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality:
>
> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense.

8 U.S.C. § 1481(a)(6). This provision was enacted in 1944 to allow the government to continue to lawfully detain U.S. citizens of Japanese origin during the second World War ("WWII") by having them renounce their citizenship. Tadayasu v. Clark, 77 F.Supp. 806, 809-810 (N.D. Cal. 1948), reversed in part on other grounds, 186 F.2d 766 (9th Cir.), cert. denied, 342 U.S. 832 (1951).

Regulations promulgated to implement the 1944 amendment, 9 Fed. Reg. 12241 (Oct. 10, 1944) (codified at 8 C.F.R. § 316.1, et seq. (1944)), provided an administrative process for renouncing citizenship within the United States by requesting from the Department of Justice an "Application for Renunciation of United States Nationality." However, the regulations specifically provided that they were effective only until the "cessation of the present state of war unless sooner terminated by the Attorney General." Id. Thus, the regulations ceased to have effect at the end of WWII, and Plaintiff cannot avail himself of the procedure contained therein.[1]

Moreover, Section 1481(a)(6) imposes no duty on the Attorney General to act. The statute merely provides that the applicant must make a formal renunciation "in such form as may be prescribed by . . .the Attorney General," thereby vesting discretion in the Attorney General,

---

[1] A statutory provision virtually identical to the 1944 version was adopted in 1952, which is currently codified at 8 U.S.C. § 1481(a)(6). However, the Attorney General has never promulgated regulations to implement this provision.

which has currently not been exercised, as to whether and when to set forth a procedure for renunciations of citizenship in the United States.  See Koos v. Hom, 204 F. Supp. 2d 1099, 1108 (W.D.Tenn. 2002) (renunciation request denied under Section 1481(a)(6) because "the United States is not in a state of war and § 1481(a)(6) is presently inoperative. Thus, the Attorney General has not prescribed procedures for such renunciations.").[2]

Indeed, the statute also contemplates that the Attorney General has the discretion to determine whether, even when all other elements have been met, a renunciation is or is not contrary to the interests of national defense. 8 U.S.C. § 1481(a)(6). The phrase in "the interests of national defense" is extremely broad.  Moreover, it is inherently enmeshed with policy judgments specific to the particular programs run by the agency.  The phrase goes to the heart of the presumption against the courts becoming overly involved in foreign policy matters such as immigration.  See, e.g., INS v.Aguirre-Aguirre, 526 U.S. 415, 424-25 (1999).

Mandamus is clearly inappropriate in this case.  Any action by the Attorney General pursuant 8 U.S.C. § 1481(a)(6) is discretionary, not ministerial.  Moreover, nothing in this statute provides Plaintiff with a "clear legal right" to acceptance of his renunciation of United States citizenship. Rather the Attorney General has the discretion to determine whether he will prescribe a procedure by which such renunciations may be enacted, and, even when all other elements have been met, whether the renunciation is or is not contrary to the interests of national

---

[2] The more commonly invoked statutory provision of expatriation is found at § 1481(a)(5), which requires a "formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State . . ." 8 U.S.C. § 1481 (a)(5) (emphasis added). The Secretary of State has implemented this provision by setting forth the manner and form of the renunciation in a regulation. See 8 C.F.R. § 50.50.  This method would be an option for Plaintiff once he is released from incarceration in Missouri. See Koos, 204 F.Supp.2d at 1108.

defense. Such discretionary acts by another branch of government cannot be compelled by the extraordinary remedy of the Writ of Mandamus, and Plaintiff's petition must be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's petition for a Writ of Mandamus is not appropriate, and the Writ should not issue. The Court should dismiss this case.

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        _____
        RUDOLPH C. CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        _____
        KATHLEEN KONOPKA, D.C. BAR # 495257
        Assistant United States Attorney
        Judiciary Center Building
        555 4th St., N.W.
        Washington, D.C.  20530
        (202) 616-5309

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March 2006, the foregoing *Defendant's Motion To Dismiss* was served on *Pro Se* Plaintiff by mail, postage prepaid, addressed as follows:

**Norman Toler**
**No. 1108933**
**Northeast Correctional Center**
**13698 Airport Road**
**Bowling Green MO 63334**

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-5309