IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NORMAN TÖLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No. 05-2505 (GK) |
| | ) | |
| ALBERTO GONZALES, | ) | |
| UNITED STATES ATTORNEY GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS**

*COMES NOW* Plaintiff, Norman Töler, and for his response to Defendant's Reply to

Plaintiff's Opposition, states as follows:

In Attorney General Gonzales' reply, the defendant states that Plaintiff has

misapprehended the thrust of Defendant's argument, also arguing that Plaintiff has failed to cite

any authority supporting the issuance of a mandamus. (Defendant's Reply to Plaintiff's

Opposition to Motion to Dismiss, "Reply", at 2). Plaintiff is the one who has brought this suit

and the burden is on the Attorney General to meet Plaintiff's issues, not vice versa. (Reply at 2).

As Plaintiff will again show, there is ample authority for this Court to issue its writ of

mandamus. Additionally, Attorney General Gonzales attempts to misdirect the Court, stating

that Plaintiff is claiming that Defendant has a clear duty to effectuate his renunciation. (Reply at

2). Instead, as will be shown below, Plaintiff only contends that Attorney General Gonzales has

a clear and mandatory duty to prescribe the form and procedure by which a citizen can apply for

RECEIVED

*Leave to file granted – J. Kessler – 5/15/06*

MAY 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

renunciation under to 8 U.S.C. § 1481 (a)(6). Plaintiff agrees that Defendant has some discretion in determining whether such renunciation is not contrary to the "interests of national defense."

Attorney General Gonzales initially contends that the merits of Plaintiff's claim do not rest on whether or not the United States is currently at war. (Reply at 2). However, the Attorney General could not be more mistaken. Not only is the United States being in a state of war relevant, it is the paramount question that must be answered by the Court to determine if the precedent conditions have occurred which invoke Defendant's mandatory duty to promulgate renunciation procedures pursuant to 8 U.S.C. § 1481 (a)(6).

Attorney General Gonzales relies on a single district court case to justify his arbitrary and capricious decision not to exercise his supposedly "unfettered discretion" to implement procedures pursuant to 8 U.S.C. § 1481 (a)(6). (Reply at 2-3). The Attorney General is correct that one federal district court has upheld the propriety of Defendant's inaction in regards to the renunciation procedures. See *Koos  v. Holm*, 204 F.Supp.2d 1099, 1108 (W.D.Tenn. 2002). However, this decision was based solely on that court's finding that the United States was not currently at war.

Specifically, the *Koos* court stated that, "Contrary to Koos' belief, the United States is not in a state of war and § 1481(a)(6) is presently inoperative. Thus, the Attorney General has not prescribed procedures for such renunciations." *Koos*, 204 F.Supp.2d  at 1108. Significantly, the *Koos* court did recognize that a citizen has the right to renounce his citizenship. *Koos*, 204 F.Supp.2d at 1107; citing *Nishikawa v. Dulles*, 356 U.S. 129, 139, 78 S.Ct. 612, 2 L.Ed.2d 659 (1958).

Attorney General Gonzales also claims that 8 U.S.C. § 1481 (a)(6) gives him "unfettered discretion" regarding whether to implement the renunciation procedures at issue in this case.

(Reply at 4). Congress in many instances has specifically determined when to give discretion to the Attorney General and when to make its own policy choices. ***Succar v. Ashcroft.*** 394 F.3d 8, 26 (C.A.1 2005). The *Succar* court went on to note that the necessity of an agency to act on its discretion is contemplated by the very grant of such discretion:

> "If the word 'discretion' means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience." See ***Goncalves***, 144 F.3d at 125 (quoting ***United States ex rel. Accardi v. Shaughnessy***, 347 U.S. 260, 266-67, 74 S.Ct. 499, 98 L.Ed. 681 (1954)) (internal quotation marks omitted)(alteration in ***Goncalves*** ) (emphasis added). This comports with a doctrine articulated by Judge Jerome Frank in ***United States ex rel. Adel v. Shaughnessy***, 183 F.2d 371 (2d Cir.1950), that where Congress has granted an agency discretion, courts may intervene when there has been "a clear failure to exercise discretion" (as well as when that discretion has been abused). ***Id***. at 372. In later formulations, courts have said that an agency's "failure to ... exercise its discretion, when properly called upon to do so, is subject to judicial review for arbitrariness and capriciousness." ***Wolfe v. Marsh***, 835 F.2d 354, 358 (D.C.Cir.1987). Here, the Attorney General must actually exercise his discretion to determine whether the paroled individuals that Congress has deemed eligible for adjustment of status should be granted this relief.

***Succar v. Ashcroft,*** 394 F.3d 8,26 at fn. 23 (C.A.1 2005)

In the instant case, the Attorney General must actually exercise his discretion, promulgate the forms for renunciation, and then he can determine whether it would be contrary to the interests of national defense to allow a Plaintiff the relief of renunciation of his citizenship.

Attorney General Gonzales next claims that this Court has no jurisdiction under the Administrative Procedure Act ("APA") to act in a case such as this one. (Reply at 4). It is true that a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. *Norton v. Southern Utah Wilderness Alliance,* 124 S.Ct. 2373,2379 542 U.S. 55 (U.S. 2004). However, Attorney General Gonzales' refusal to promulgate renunciation procedures as required by  8 U.S.C. § 1481 (a)(6) during this time of war is exactly the type of failure to take a discrete agency action that is contemplated by the APA.

When an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, even though it has no power to specify what the action must be. *Norton,* 124 S.Ct. at 2380. The APA  provides that reviewing courts "shall" compel agency action unlawfully withheld or unreasonably delayed. Not only does this provision give the Court jurisdiction to act, the Court is <u>required</u> to issue an injunction to compel an agency to take statutorily-mandated action, and has no equitable discretion to permit noncompliance with statute, unless such action is presently barred by Congressional moratorium on spending for that purpose. See *Forest Guardians  v. Babbitt*, 174 F.3d 1178 (C.A.10 (N.M.) 1999).

Remarkably, it seems that Attorney General Gonzales and Plaintiff are able to find some agreement in this matter.  Plaintiff does not dispute that even if Attorney General Gonzales sets forth the renunciation procedure that he is required to promulgate, the Attorney General still has the discretion to evaluate the impact of such a renunciation on the interests of national defense[1]. (Reply 2).  However, the congressional choice to delegate to the Attorney

---

[1] Plaintiff does disagree with Defendant's characterization that this discretion is "unfettered and unreviewable." (Reply at 5). However, that is a question  for another day.

4

General some circumscribed discretion over the ultimate decision of who is granted renunciation is not authorization for discretion in other areas. See *Succar*, at 26. Further, and perhaps most importantly, Attorney General Alberto Gonzales does not possess the discretion to avoid discharging the duties that Congress intended him to perform. *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (C.A.10 (Colo.) 1991)

## CONCLUSION

*WHEREFORE*, for the foregoing reasons, the Plaintiff prays that the Court issue its Writ of Mandamus, and for such further relief deemed just in the circumstances.

Respectfully submitted,

Norman Töler
13698 Airport Rd.
Bowling Green, Mo. 63334

Plaintiff, pro se

Certificate of Service

I hereby certify that a true copy of the above motion was mailed to the defendants c/o the Office of the United States Attorney General. Washington D.C. by first class mail, postage prepaid, this 10th day of May 2006.

Norman Toler