UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN TOLER,              :
                           :
        Petitioner,        :
                           :
v.                         :    Civil Action No. 05-2505 (GK)
                           :
ALBERTO GONZALES,          :
                           :
        Respondent.        :

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner's petition for a writ of mandamus and Respondent's motion to dismiss. For the reasons stated below, the Court will deny the petition and dismiss this action.

I.   BACKGROUND

Petitioner currently is incarcerated at the Northeast Correctional Center in Pike County, Missouri. Pet. ¶ 4. He brings this mandamus action pursuant to 28 U.S.C. § 1361. *Id.* ¶ 1.

On June 20, 2005, Petitioner submitted an Oath of Renunciation of Nationality of United States Citizenship to the Respondent. Pet. ¶ 6 & Ex. A-B. In this document, Petitioner "expressly renounce[d] any nationality of United States citizenship," and swore his "allegiance, fidelity, loyalty, adherence, obedience and submission to the laws and authorities of the State of Israel." *Id.*, Ex. A.

Petitioner's letter was forwarded to the Customer Service

1

Office, U.S. Citizenship and Immigration Services, Department of Homeland Security ("DHS"). Pet. ¶ 8. DHS staff responded by letter dated August 3, 2005, and explained that Petitioner's attempt to renounce citizenship did not comply with 8 U.S.C. § 1481(a). *Id.*, Ex. D. Specifically, because Petitioner was within the United States when he attempted to renounce citizenship and because he intended to remain within the United States, his renunciation was ineffective. *Id.*

Petitioner next attempted to renounce his United States citizenship by sending on September 2, 2005 a letter to this effect to the Executive Director of the Bureau of Consular Affairs, United States Department of State. Pet. ¶ 11 & Ex. E. State Department staff construed Petitioner's letter as a request for more information on how to renounce United States citizenship, and supplied two relevant "fact sheets." *Id.*, Ex. G-H.

Petitioner asserts that "it is the practice, custom and policy of Respondent to refuse to act on his mandatory and ministerial duties . . . by failing to prescribe the form and designate such officer to whom a renunciation of citizenship can be made while Petitioner is in the United States during this state of war." Pet. ¶ 14. He demands injunctive relief "compelling [R]espondent to prescribe such form and designate such officer as is required to effectuate the provisions of Title 8 U.S.C. § 1481(a)(6)." *Id.* at 5.

2

## II.   DISCUSSION

### A.  *Mandamus Relief*

Petitioner relies on the following provision of the Immigration and Nationality Act:

> A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing [] the following act[] with the intention of relinquishing United States nationality –
>
> making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense.

8 U.S.C. § 1481(a)(6).  Petitioner contends that Respondent "refuse[s] to act on his mandatory and ministerial duties . . . by failing to prescribe the form and designate such officer to whom a renunciation of citizenship can be made while Petitioner is in the United State[s] during this state of war, and additionally by refusing to acknowledge that the United States is in a 'state of war.'"  Pet. ¶ 14.  Without the required forms and designated officer, Petitioner "would have been able to renounce his citizenship."  *Id.*, Attach. (Suggestions in Support of Petition for Mandatory Injunctive Relief in the Style of the Abolished Writ of Mandamus and for a Declaration of Rights) ¶ 6.

Mandamus is a drastic remedy to be invoked only in extraordinary situations.  *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (1988); *13th Reg'l Corp. v. Dep't of Interior*, 654 F.2d

758, 760 (D.C. Cir. 1980). It is granted only when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974). Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir.1983) (en banc); *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

Determining whether Respondent must act depends on whether the duty at issue is ministerial or discretionary. Mandamus is available only where "the duty to be performed is ministerial and the obligation to act peremptory and clearly defined." *13th Reg'l Corp.*, 654 F.2d at 760. A ministerial duty is one that admits of no discretion, so that the official has no authority to determine whether to perform the duty. *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996). The Court has no authority under the mandamus statute to order a government official to perform a discretionary duty. *Id.*

The language of 8 U.S.C. § 1481(a)(6) leaves to the Attorney

4

General's discretion the tasks of prescribing an appropriate form on which and designating an officer before whom a United States national in the United States may renounce his nationality. The Court cannot issue a writ of mandamus directing Respondent to perform such discretionary acts. *See Weber v. United States*, 209 F.3d 756, 760 (D.C. Cir. 2000)("highly discretionary" act is "far removed from the paradigm case for mandamus – a ministerial act that an agency has a clear duty to perform"). Even if Respondent were to perform these acts and if the United States were in a "state of war," the Attorney General must approve a renunciation only if such renunciation is "not contrary to the interests of national defense." 8 U.S.C. § 1481(a)(6). This decision, too, is left to the Attorney General's discretion. *See Kaufman v. Gonzalez*, No. 05-1631 (RWR), 2006 WL 1725579, *4 (D.D.C. June 20, 2006) (meaning of phrases "state of war" and "not contrary to the interests of national defense" is "matter of interpretation and plainly within the discretion of the Attorney General"); *see also Lozada Colon v. U.S. Dep't of State*, 2 F.Supp.2d 43, 45 (D.D.C. 1998) ("[E]ven if one were to concede Plaintiff's argument that an individual has a fundamental right to expatriate, the Secretary of State still would have the discretion to determine whether an individual has adequately renounced affiliation with the United States so as to trigger that right.").

*B. Relief under the Administrative Procedure Act*

Petitioner asserts that he may challenge Respondent's alleged failure to act under the Administrative Procedure Act, *see* 5 U.S.C. § 701 *et seq.* See Plaintiff's Response and Suggestions in Opposition to Defendant[']s Motion to Dismiss at 6. He asks the Court to "(1) compel agency action unlawfully withheld or unreasonably delayed; or (2) hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.*

This Court does have authority under the Administrative Procedure Act to review agency inaction. *See* 5 U.S.C. § 706(1); *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004). However, this authority is limited to circumstances where the agency does not meet a statutory deadline or "otherwise fails 'to take a *discrete* agency action that it is *required to take*.'" *Kaufman*, 2006 WL 1725579 at *6 (quoting *S. Utah Wilderness Alliance*, 542 U.S. at 63-64). Neither of these circumstances is present in this case. As discussed above, the Attorney General's duties are of a discretionary nature, and judicial review under the Administrative Procedure Act is thus precluded.

III. CONCLUSION

Petitioner establishes neither a clear right to the relief he demands nor Respondent's clear duty to act, and mandamus must be

denied. Relief cannot be granted under the Administrative Procedure Act because the action Petitioner demands is not ministerial or nondiscretionary. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
GLADYS KESSLER
United States District Judge

DATE: Nov. 6, 2006