UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN TÖLER,                    )
       Petitioner,           )
v.                               )  Case No. 052505(GK)
ALBERTO GONZALES,                )
       Respondent.           )

RECEIVED
MAY 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION FOR RELIEF FROM JUDGMENT
WITH INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW Petitioner, Norman Töler, <u>pro se</u>, upon his Motion for Relief from Judgment, and states:

I. Standard of Review

On motion and upon such terms as are just, the Court may relieve a party from a final judgment or order for any reason justifying relief from the operation of the judgment. (Fed.R.Civ.P. Rule 60(b)(6)). Under the Court's equitable powers and Rule 60(b), a court may modify its prior orders. <u>System Federation v. Wright</u>, 364 US 642,647-8 (1966). Rule 60(b) motions may be used to move the trial court to correct its own error before the time for appeal has run. See, <u>D.C. Federation of Civic Associations v. Volpe</u>, 520 F2d 451 (D.C.Cir. 1975).

II. Background

A. Facts

On June 20, 2005, Petitioner submitted his formal, written Oath of Renunciation of Nationality to Respondent Gonzales. On August 3, 2005, Petitioner received communication from the Department of Homeland Security stating that his proffered

renunciation was ineffective. On September 2, 2005, Petitioner attempted renunciation by formal, written Oath of Renunciation of Nationality to the Department of State. The State Department provided renunciation "fact sheets."

### B. Procedure

On December 30, 2005, Petitioner filed his Petition for Mandatory Injunctive Relief in the Style of the Abolished Writ of Mandamus and for a Declaration of Rights. On January 27, 2006, a Show Cause Order was issued to Respondent. On March 24, 2006, Respondent filed his Motion to Dismiss. On April 10, 2006, Petitioner filed his Memorandum in Opposition to Respondent's Motion to Dismiss. On April 24, 2006, Respondent filed his Reply to Petitioner's Opposition. On May 15, 2006, Petitioner filed his Response to Respondent's Reply.

### III. Memorandum in Support

#### A.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. <u>Atchinson v. District of Columbia</u>, 73 F3d 418,421 (D.C.Cir. 1996). If the facts pled and reasonalble inferences therefrom are legally insufficient to support the relief requested, a complaint may be dismissed. <u>Appleton v. United States</u>, 69 F.Supp2d 83,86 (D.D.C. 1999). The court should construe the complaint liberally in favor of Petitioner and grant him the benefit of all inferences that can be derived from the facts alleged. <u>Schuler v. United States</u>, 617 F2d 605,608 (D.C.Cir. 1979).

The Court dismissd Petitioner's suit because "the Court has no authority under mandamus statute to order a government

official to perform a discretionary duty," citing Swan v. Clinton, 100 F3d 973,977 (D.C.Cir. 1996). True, the Court has no authority to compel a discretionary duty, but mandamus is appropriate if no administrative remedies are provided by statute. Winnebago Tribe of Nebraska v. Babbitt, 915 F.Supp 157,167 (D.S.D. 1996). In the instant case, no remedies have been provided by statute and Respondent refuses to take any agency action at all, leaving Petitioner with absolutely no administrative recourse, and at the arbitrary whims of Respondent. Therefore, mandamus is an appropriate remedy to remedy this situation.

While Petitioner admits that the statute at issue leaves Respondent with discretion in certain instances, Petitioner asserts, and has repeatedly asserted, that the duty which is at the center of this action is not a discretionary duty. An agency of the government must scrupulously observe the rules, regulations or procedures which it has established. When it fails to do so, its actions cannot stand and the courts will strike it down. This doctrine was announced in U.S. ex rel Accardi v. Shaughnessy, 347 US 260 (1954). The Accardi doctrine was subsequently applied by the Supreme Court in Service v. Dulles, 354 US 363 (1959) and Vitarelli v. Seaton, 359 US 535 (1956). Concerning the statute at issue, Respondent has admitted that "an administrative process for renouncing citizenship within the United States" was promulgated to implement the statute. (Respondent's Motion to Dismiss, p.4). Respondent goes on to say that the administrative process (codified at 8 C.F.R. §316.1 et

seq. (1944)) ceased to have effect at the end of WWII. (Id.). Respondent then goes on to admit that the statute at issue is virtually identical to the 1944 version and was adopted by Congress in 1952, years after the end of WWII. It is clear by this act that Congress intended for there to be a process for U.S. Citizens to voluntarily renounce their cititzenship while within the United States. Further, as this statute was enacted well after the end of WWII, Respondent's argument that the statute has been inactive since WWII carries no weight. Congress clearly intended Respondent to effectuate the statute, as he is the only named official. Respondent does not possess the discretion to avoid discharging the duties that Congress intended him to perform. Marathon Oil Co. v. Lujan, 937 F2d 498,500 (C.A.10(Colo.)1991).

The Court must reject Respondent's interpretation of the statute because it would make the statute either superfluous or meaningless. Benavides v. D.E.A., 968 F2d 1243,1248 (D.C.Cir. 1992). And, Congress cannot be presumed to have done a futile thing. Halverson v. State, 129 F3d 180,185 (C.A.D.C. 1997).

The Court should not dismiss Petitioner's petition unless Respondent can show beyond doubt that Petitioner can prove no set of facts in support of his petition. Warren v. District of Columbia, 353 F3d 36,37 (D.C.Cir. 2004). In resolving a motion to dismiss for failure to state a claim, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 US 519,520 (1972). Accordingly, pro se plaintiffs are granted the benefit of all inferences that can be derived from the facts alleged. Kowal v. MCI

Communications Corp., 16 F3d 1271,1276 (D.C.Cir. 1994).

B.

The Court concluded that the language of 8 USC §1481(a)(6) leaves to the Attorney General's discretion the tasks of prescribing an appropriate form on which and designating an officer before whom a United States national in the United States may renounce his nationality. This is an erroneous view of the law. What the statute really says is that the form a formal written renunciation must take may be prescribed by Respondent. The statute at issue is really saying that Respondent has discretion to designate a form and officer or not. To effectuate 8 USC §1481(a)(6), a person who is a national of the United States must voluntarily make in the United States a formal, written renunciation of nationality. In the absence of Respondent exercising his discretion, it must be assumed (from the statute itself) that any formal, written renunciation of nationality is valid pursuant to the statute.

Further, the statute gives Respondent the discretion to designate an officer to receive the formal, written renunciation of nationality. Again, absent Respondent exercising his discretion to appoint a designee to receive the renunciation, Respondent is the Congressionally designated receiver of any formal, written renunciation of nationality by a person who is a national of the United States whenever the United States shall be in a state of war.

C.

A citizen has the right to renounce his citizenship. Koos v. Holm, 204 F.Supp2d 1099,1107 (W.D.Tenn. 2002). congress has broad

authority over the procedures and requirements which must be satisfied for an individual to renounce his nationality. (Id.). With the statute at issue, Congress' requirements were that the United States be in a state of war, that a formal, written renunciation be submitted to the Attorney General or his designee, and that the Attorney General find that granting the renunciation isn't injurious to national defense.

Petitioner has alleged that he sent his formal, written renunciation of nationality to Respondent for purposes of this action, Petitioner has shown that he made a formal, written renunciation of nationality to Respondent. Petitioner has also alleged that the United States is in a state of war. "Even though Congress has not declared war, the Court should take as given that the United States is in a state of war. See, Qualls v. Rumsfeld, 357 F.Supp2d 274,284 (D.D.C. 2005)." (cited in Kaufman v. Gonzalez, 2006 U.S.Dist. LEXIS 40885, No. 05-1631(RWR), 2006 WL 1725579 *8 (D.D.C., June 20, 2006) as confirming the United States is in a state of war).

Thus, Petitioner has met all the conditions for renunciation pursuant to 8 USC §1481(a)(6). The third requirement of the statute is on the shoulders of Respondent. The statute states that Respondent shall approve such renunciation as not contrary to the interests of national defense. Petitioner admits that Respondent has discretion to determine whether or not a proffered renunciation is or is not contrary to the interests of national defense.

Petitioner submits that, as all other requirements have been met, he is entitled to a determination by Respondent was to

-6-

whether or not his renunciation is approved or not as not contrary to the interests of national defense. That is, Respondent now has a clear duty to act, to make the determination pursuant to the statute. Respondent has no authority to determine whether or not to make the determination.

If the word "discretion" means anything in a statutory grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience. <u>Succar v. Ashcroft</u>, 394 F3d 8,26 at fn.23 (C.A.1 2005). Where Congress has granted an agency discretion, courts may intervene when there has been a clear failure to exercise discretion. <u>United States ex rel. Accardi v. Shaughnessy</u>, 183 F2d 371,372 (2nd.Cir. 1950). In the instant case, there has been a complete and clear failure and refusal by Respondent to exercise discretion. Therefore, the Court has authority to intervene.

### III. Conclusion

WHEREFORE, for the foregoing reasons, Petitioner's Motion should be GRANTED, and the following relief ordered:

A. A Writ of Mandamus should issue commanding Respondent to make a determination on Petitioner's renunciation, whether or not it is contrary to the interests of national defense;

B. The Court's previous order of November 6, 2006, should be vacated;

C. The Court should declare the rights of the parties; and,

D. For any other relief which is just and proper.

Respectfully submitted,

*[signature]*

Norman Töler
Petitioner, pro se
13698 Airport Rd.
Bowling Green, MO  63334

CERTIFICATE OF SERVICE

I, Norman Lee Töler, hereby certify under penalty of perjury, pursuant to 28 USC §1746, that a true copy of the foregoing was sent to Quan K. Luong, 501 Third Street, NW, Washington, DC 20530, by placing said in the institutional mail system at Northeast Correctional Center, first class postage fully prepaid, this  8th  day of  May , 2007.

*[signature]*
Norman Lee Töler

-8-