**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
NORMAN TOLER,                    :
                                 :
        Petitioner,              :
                                 :
    v.                           :    Civil Action No. 05-2505 (GK)
                                 :
ALBERTO GONZALES,                :
                                 :
        Respondent.              :
```

**MEMORANDUM ORDER**

This matter is before the Court on Petitioner's unopposed Motion for Relief from Judgment, which the Court considers under Rule 60(b) of the Federal Rules of Civil Procedure.

Under Rule 60(b), the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).  "[P]laintiff[] must clear a very high bar to obtain relief under Rule 60(b)(6)." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007).  Such relief is awarded sparingly and should be applied only in extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988); *Piper v. United States Dep't of Justice*, 374 F. Supp. 2d 73, 78 (D.D.C. 2005).  The decision whether to grant a Rule 60(b)(6) motion is left to the Court's sound discretion and may be reversed only for abuse of that discretion. *Computer Prof'ls for Soc. Responsibility*

1

*v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996).

"Rule 60(b) may not be used as a substitute for an appeal not taken." *Twelve John Does*, 841 F.2d at 1141.[1]

Petitioner has attempted to renounce his nationality by:

> making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense

8 U.S.C. § 1481(a)(6). His attempts to do so were unsuccessful, and he brought a mandamus action seeking an Order pursuant to which the Attorney General must "prescribe such form and designate such officer as is required to effectuate the provisions of Title 8 U.S.C. § 1481(a)(6)." Pet. at 5. The Court denied the mandamus petition on the ground that these acts were discretionary, not mandatory, and thus fell beyond the scope of the Court's authority to grant mandamus relief. *Töler v. Gonzales*, No. 05-2505, 2006 WL 3208664, at *2 (D.D.C. Nov. 7, 2006).

All the arguments raised in the instant motion were raised by Petitioner in prior filings, considered by the Court, and ultimately rejected. Absent a showing of extraordinary circumstances to warrant relief under Rule 60(b), the motion must

---

[1]    Although the Court granted Petitioner's motion for an extension of time to file an appeal, review of the docket shows that Petitioner has not filed a notice of appeal.

be denied.

Accordingly, it is hereby

ORDERED that Petitioner's Motion for Relief from Judgment [Dkt. #20] is DENIED.

SO ORDERED.

/s/
GLADYS KESSLER
United States District Judge

January 14, 2008